Catherine M. DiRubbio

v.

Virginia Employment Commission

March 15, 1993

Case No. (Law) 118961

BY JUDGE GERALD B. LEE

This matter comes before the Court on Petitioner Catherine DiRubbio's Petition for Judicial Review of the Respondent Virginia Employment Commission's decision denying unemployment compensation benefits due to misconduct. The Petitioner argues that the employer did not timely file an appeal and that the behavior resulting in her dismissal does not rise to the level of "misconduct in connection with work" as required by law to disqualify her for unemployment compensation.

The Respondent denies that it incorrectly found Petitioner ineligible for unemployment compensation benefits and further asserts that the jurisdiction of this Court is limited to questions of law and that the Commission's findings of fact must be conclusive if supported by evidence, absent any fraud. The Respondent concludes that its findings of fact in this case are supported by evidence.

Having considered the arguments, petition and answer of counsel, and for the reasons below, the Court finds that the Commission properly denied the Petitioner unemployment compensation benefits. The Court, therefore, affirms the decision of the Commission.

### Facts

Petitioner appeals the Respondent's decision wherein she was found disqualified for unemployment compensation benefits due to misconduct with respect to her separation from Chesapeake Title Agency, Inc.

Prior to her employment with Chesapeake as an assistant processor, Petitioner had been employed by Safemasters Company, Inc., since June of 1991. Upon being offered a position with Chesapeake, Petitioner tendered an oral resignation to Safemasters on March 14, 1992, and began working for Chesapeake on March 16, 1992, until she was terminated less than 30 days later on April 8, 1992.

Petitioner contends that her termination was not due to misconduct connected with work and that she is therefore qualified to receive unemployment benefits. The Petition for Judicial Review states the following: "Mr. Mason let me go because Veronica felt there was a personality conflict. This is not misconduct. This is wrong chemistry."

Petitioner admits that on April 8, 1992, she and her immediate supervisor Veronica Mongeau had an argument about the Petitioner's failure to complete two assignments that had been left for her on April 7, when Veronica left work at noon. The Petitioner claims that *"but for* Veronica's *provocation* there would have been no harsh words at all." Petition at p. 9 (emphasis in original).

After the argument the Petitioner was dismissed by David Mason, Ms. Mongeau's supervisor. Subsequently, Petitioner filed an initial claim for unemployment compensation benefits with the Commission's Deputy on April 10, 1992, and was determined qualified, effective April 5, 1992. Chesapeake filed a timely appeal of the Deputy's determination.

On appeal, the Commission Appeals Examiner received evidence from all parties and reversed the determination of the Deputy. Petitioner appealed to the Respondent Commission, which affirmed the Appeals Examiner's decision. The case is now before this Court for Judicial Review of the Respondent's decision pursuant to Va. Code Ann. § 60.2–625 (Rep. Vol. 1991 & Cum. Supp. 1992).

### Discussion

The Respondent's decision is affirmed because the findings of the Appeals Examiner are consistent with misconduct connected with work pursuant to Va. Code § 60.2–618(2).

The law of the Commonwealth provides:

> The findings of the Commission, as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.

Va. Code § 60.2–625.

The Petitioner appeals on the grounds that Chesapeake did not timely appeal the Deputy's determination, and that her argument with her supervisor after her failure to complete two assignments was not misconduct. Petition at pp. 5, 6, & 7.

The Petitioner's contention that Chesapeake did not make a timely appeal is a question of fact. The Appeals Examiner found that the appeal of the Deputy's determination was timely, and the Court must accept this finding as conclusive.

The primary dispute to be resolved is the Petitioner's claim that her behavior is not misconduct as defined by common law. Petitioner cites *Branch v. Virginia Employment Commission*, 219 Va. 609, 249 S.E.2d 180 (1978), which defines misconduct connected with work. The petitioner paraphrases the *Branch* decision to define misconduct connected with work to have occurred when an employee "deliberately violates a company rule . . . or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard [of] the duties and obligations he owes his employer." Petition at p. 7.

The Respondent relies upon *Branch*, and upon *Vines v. The Commission of Judges System*, Commission Decision 9661-C (Sept. 7, 1977). The Commission in *Vines* stated, "acts of insubordination or unreasonable refusals of a subordinate to comply with reasonable instructions of his supervisor constitutes misconduct within the meaning of this Act." Commission Decision at para. 9.

The Petitioner erroneously cites to *Branch* as though its existence precludes reliance upon *Vines* for resolution of this matter. Petition at p. 7. It does not. *Branch* and *Vines* articulate virtually the same standard for defining misconduct.

The only distinction between these cases is that in addition to articulating the definition of misconduct connected with work that *Branch* would later follow, *Vines* also pointed out that the Commission considers insubordination to be misconduct connected with work. *Branch* does not address in any way whether insubordination is misconduct. Thus the Petitioner interprets this as an overruling of the *Vines* holding as to insubordination. The fact that *Branch* does not also address this side issue, however, does not mean *Branch* overrules *Vines*' holding as to insubordination.

This Court looks to Commission precedent which has facts similar to those in the present case. We find such precedent in *Anderson v.*

*Glass Marine, Inc.*, Commission Decision 13211-C, (April 8, 1980). In *Anderson* the employee was asked to come to the supervisor for instructions. Anderson responded that he would come later despite the supervisor's insistence that he come right away. After the third request the supervisor used a derogatory word when he asked Anderson to come, instructing Anderson that if he did not, he would be terminated. The supervisor subsequently discharged Anderson for non-compliance, and an argument between the two ensued. The president of the company then instructed Anderson to obey his supervisor, and when he did not, the supervisor's discharge of Anderson was confirmed.

The claimant in *Anderson* asserted the argument now relied upon by Petitioner. They both claim the supervisors' use of derogatory language justified their subsequent behavior.

The Court today follows the reasoning of the Commission in *Anderson*, wherein the claimant was denied unemployment compensation benefits. Applying the words of the *Anderson* opinion to the present case:

> This claimant certainly should have known that [the] refusal to perform assigned duties would result in termination . . . . The supervisor's use of the profane expletive in instructing the claimant certainly did not justify the claimant's refusal to abide by instructions.

*Anderson*, Decision of Commission at para. 8.

It is hereby concluded that the Petitioner was terminated for reasons which constitute a discharge for misconduct in connection with work and is therefore disqualified for unemployment compensation benefits.

The decision of the Virginia Employment Commission is affirmed.